# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

APRIL CHERRY LASTER,

      Plaintiff,

v.                                         Case No:   6:21-cv-1643-PGB-LRH

SPACE COAST CREDIT UNION

      Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 11)**
>
> **FILED:** November 12, 2021
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I.    BACKGROUND.**

On October 5, 2021, Plaintiff April Cherry Laster, appearing *pro se*, filed a "Complaint for a Civil Case" against Space Coast Credit Union.  Doc. No. 1.

Plaintiff purports to bring her claims pursuant to the Court's federal question jurisdiction, specifically for alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  *Id.* at 3.

Plaintiff's allegations appear to relate to a vehicle finance agreement, and she is disputing the total amount of the charges, says she is owed money back, and would like to receive title to her vehicle, free and clear.  *Id.* at 4–6.  Plaintiff attaches an affidavit to the complaint to support these allegations, through which she acknowledges the existence of a vehicle finance agreement, but seeks to recover the difference between the amount of the finance charge ($7,668.89) and what she has already paid towards the vehicle ($19,557.41).  *See* Doc. No. 1-2.  It appears that Plaintiff is also attempting to exercise her option to defer payment of the debt.  *See id.* ¶ 5.  Plaintiff includes as attachments to the complaint a copy of the finance agreement (Doc. No. 1-1); statements from Defendant showing the balance owed on the vehicle (Doc. Nos. 1-3, 1-4), and a September 6, 2021 Final Notice Before Repossession from Defendant (Doc. No. 1-5).

Since filing the complaint, Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which has been construed as a renewed motion to proceed *in forma pauperis*.  Doc. No. 11.[1]  The

---

[1] Plaintiff filed two prior requests to proceed *in forma pauperis*, but those requests

renewed motion to proceed *in forma pauperis* has been referred to the undersigned, and the matter is ripe for review.

## II.    STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.  First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(1).  Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief.  *Id.* § 1915(e)(2)(B)(i)–(iii).[2]  A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads

---

were denied without prejudice for failure to provide sufficient information.  *See* Doc. Nos. 2, 5, 6, 10.

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. ANALYSIS.

Upon review of Plaintiff's renewed motion to proceed *in forma pauperis* (Doc. No. 11), it appears that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1). However, Plaintiff's complaint does not state a claim upon which relief may be granted.

As discussed above, Plaintiff brings claims under the TILA and the FDCPA pursuant to the following:

> 15 U.S. Code CHAPTER 41—CONSUMER CREDIT PROTECTION – Violations: 15 US Code 1605(a); 15 US Code 1692e(4); 15 US Code 1692f(6); 18 US Code 1341; 15 U.S. Code 1662(2).

Doc. No. 1, at 3.³

In the complaint and the affidavit filed therewith, Plaintiff appears to be alleging that under the TILA and the FDCPA, Plaintiff was only required to pay Defendant a finance charge (as defined in the TILA) pursuant to the vehicle finance agreement. Doc. No. 1, at 5–6; Doc. No. 1-2 ¶¶ 8–10. Because she has paid more than the amount of the finance charge, Plaintiff seeks a refund as well as free and clear title to the vehicle. Doc. No. 1-2 ¶¶ 9–10, 14.

On review, these allegations fail to sufficiently state a claim under either the TILA or the FDCPA. In general, "[t]he TILA requires creditors to provide consumers with 'clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights.'" *Graham v. Wells Fargo Bank, N.A.*, 716 F. App'x 831, 832 (11th Cir. 2017)⁴ (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, (1998); 15 U.S.C. §§ 1631, 1632, 1635, 1638)).⁵ "If a creditor does not make the required disclosures, a borrower

---

³ To the extent that Plaintiff cites to 18 U.S.C. § 1341, that is a criminal mail fraud statute that does not provide a private right of action, *see Truthinadvertisingenforcers.com v. Dish Network, LLC*, No. 8:16-CV-2366-T-33JSS, 2016 WL 7230955, at *6 (M.D. Fla. Dec. 14, 2016) (citing *Austin v. Glob. Connection*, 303 F. App'x 750, 752 (11th Cir. 2008)), and thus, is not further addressed herein.

⁴ Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

⁵ As to the provisions cited by Plaintiff, 15 U.S.C. § 1605(a) defines the meaning of a "finance charge" in the "determination of finance charge" under TILA. 15 U.S.C. § 1662(2) under TILA states that "[n]o advertisement to aid, promote, or assist directly or indirectly any extension of consumer credit may state . . . that a specified downpayment is

may sue for damages or rescission of the loan." *Id.* (citing *Beach*, 523 U.S. at 412). Here, the minimal allegations provided by Plaintiff fail to establish that Defendant failed to disclose any terms of the vehicle finance agreement as required by TILA, or that Defendant's otherwise violated the provisions of the TILA. Accordingly, the TILA claims are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See, e.g.*, *DeBose v. Citi Bank N.A.*, No. 8:21-CV-415-MSS-AEP, 2021 WL 3129309, at *3 (M.D. Fla. Mar. 3, 2021) (denying without prejudice request for leave to proceed *in forma pauperis* pursuant to § 1915 but permitting leave to amend where the Plaintiff failed to adequately allege violations of the TILA, including any allegations of inaccurate disclosures prohibited by the TILA). *See also Mays v. Ally Fin.*, No. 21-CV-1257, 2021 WL 4077948, at *3 (E.D. Pa. Sept. 8, 2021) (dismissing without prejudice claims under the TILA pursuant to 28 U.S.C. § 1915 where the plaintiff did not sufficiently allege inadequate disclosure of the terms of the automobile loan at issue); *Abdool v. Cap. One Bank USA*, No. 21-CV-4072(KAM), 2021 WL 4147191, at *3 (E.D.N.Y. Sept. 13, 2021) (dismissing without prejudice claims under the TILA pursuant to 28 U.S.C. § 1915 and for failure to state a claim).

Plaintiff likewise fails to sufficiently plead a claim under the FDCPA. "To state a claim under [the] FDCPA, plaintiff must allege that (1) the plaintiff has

---

requirement in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount."

been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1243 (M.D. Fla. 2019) (quotation marks and citations omitted).[6] Presumably, Plaintiff's FDCPA claims relate to a "Final Notice Before Repossession" attached to the complaint, *see* Doc. No. 1-5, by which Defendant notifies Plaintiff that her vehicle will be repossessed if delinquent balances are not paid. However, in the complaint, while Plaintiff references this Notice, *see* Doc. No. 1, at 5 ¶ 9, she does not allege facts sufficient to state a claim under the FDCPA, in particular that Defendant is a debt collector as defined by the FDCPA,[7] or that Defendant has engaged in any act or omission as defined by the FDCPA.

---

[6] Plaintiff cites 15 U.S.C. § 1692e(4) under the FDCPA, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . [including] [t]he representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." Plaintiff also cites to 15 U.S.C. § 1692f(6), which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . . [including] [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

[7] *See Helman v. Bank of Am.*, 685 F. App'x 723, 726 (11th Cir. 2017) ("[T]he FDCPA does not apply to all creditors; it applies only to professional debt-collectors." (citing *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 n.3 (11th Cir. 2014))).

Accordingly, the FDCPA claims are also due to be dismissed.  *See Shepard v. Arrons*, No. 6:15-cv-1467-Orl-37TBS, 2015 WL 13792366, at *2 (M.D. Fla. Oct. 9, 2015) (recommending dismissal of complaint under § 1915 and the FDCPA when the plaintiff failed to sufficiently allege an FDCPA violation or that the defendant was acting as a debt collector as defined in the FDCPA), *report and recommendation adopted*, 2015 WL 13792412 (M.D. Fla. Oct. 28, 2015).  *See also Abdool*, 2021 WL 4147191, at *3 (dismissing claim under the FDCPA pursuant to § 1915 because the named defendant was a creditor, and not a debt collector, as defined by the FDCPA).

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam).  Because it is at least possible that Plaintiff may file an amended complaint correcting the pleading deficiencies identified herein, I respectfully recommend that the Court permit Plaintiff to file an amended complaint, within a time established by the Court.

Should Plaintiff file an amended complaint, Plaintiff is cautioned that she must include factual allegations in the complaint stating a plausible claim for relief, which requires her to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*,

556 U.S. at 678 (citation omitted). Therefore, in an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law. Further, in an amended complaint, Plaintiff must allege in the body of the complaint how each named Defendant participated in the activity that allegedly violated her rights. Plaintiff must allege some causal connection between each Defendant named and the injury she allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs her attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

**IV. RECOMMENDATION.**

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY without prejudice** the renewed motion to proceed *in forma pauperis* (Doc. No. 11);

2. **DISMISS** the complaint without prejudice (Doc. No. 1);

3. **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 20, 2021.

_Leslie R. Hoffman_
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record

- 10 -

Unrepresented Party